UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**KEVIN WILSON**                                                                                          **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:12CV-P187-R**

**TAYLOR COUNTY et al.**                                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Kevin Wilson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted prisoner incarcerated at the Eastern Kentucky Correctional Complex (EKCC), sues Taylor County, Kentucky; Taylor County Judge Alan Ray Bertram; Department of Public Advocacy (DPA) attorney Shonda West Styles; and the Kentucky Commonwealth's Attorney's Office. He states that he is filing his complaint based on "breach of contract he signed a 5 for 5 deal not 5 for 6," a contract which Taylor County accepted. He alleges that the Commonwealth of Kentucky "decides to change [his] sentence after I done served the 5 for 5 contract this year given to me after the 5 for 5 was served." Although his complaint speaks of breach of contract, his allegations are that his civil rights under the Fifth, Eighth and Fourteenth Amendments and "1, 2, 3 in Ky." were violated. Plaintiff asks for monetary and punitive damages of $10 million each and injunctive relief in the form of having his entire felony record expunged.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claim against Taylor County***

When a § 1983 claim is made against a municipality like Taylor County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). In the instant case, the complaint, even read liberally, fails to identify a policy or policies causing the alleged constitutional violations. Thus, Plaintiff fails to state a claim against Taylor County.

### *Claim against Judge Bertram*

A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. Moreover, to the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases, *i.e.*, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Therefore, Plaintiff's claim against Judge Bertram must be dismissed. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) ("Because Azubuko has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Azubuko does not address the actions of Judge Royal other than in his judicial capacity, his claim for injunctive relief is barred.").

### *Claim against DPA attorney Styles*

The complaint does not make any specific allegations against Defendant Styles. This deficit alone warrants dismissal for failure to state a claim. *See Copeland v. Machulis*, 57 F.3d

476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).  Moreover, even assuming that Defendant Styles acted as defense counsel in Plaintiff's criminal case, she is not liable for any alleged constitutional violations in that capacity.  It is firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, is not a state actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Thus, Plaintiff fails to state a claim under § 1983 against Defendant Styles regarding any performance of a traditional lawyer function.

### *Claim against Commonwealth's Attorney's Office*

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Moreover, under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).  The Commonwealth of Kentucky has not waived its immunity, *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting

§ 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (per curiam) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).  Thus, the Eleventh Amendment further bars a § 1983 action against the Commonwealth's Attorney's Office.  *See York v. Warren Cnty. Commonwealth Attorney's Office*, No. 1:08CV-P16-R, 2008 WL 339505 at *2, (W.D. Ky. Feb. 6, 2008) ("[T]he Eleventh Amendment acts as a bar to all claims for relief against the Warren County Commonwealth Attorney's Office.").

### *Request to have "expungement of entire felony records"*

To the extent that Plaintiff wishes to challenge his state-court conviction or sentence, he may only do so through a petition for writ of habeas corpus.  "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010). The Clerk of Court is **DIRECTED** to send to Plaintiff a 28 U.S.C. § 2254 packet, should he wish to file a habeas petition.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss the instant action.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.009